968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Louis JONES, Defendant-Appellant.
 No. 91-5157.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1992
Decided: July 20, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-89-280-WS)
 ARGUED: James Wilson Swindell, High Point, North Carolina, for Appellant.
 Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 ON BRIEF: Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Louis Jones was paid $1,000 to drive Jacqueline Colston from Winston-Salem to New York and back. As they drove south on the New Jersey Turnpike during their return trip, his car was pulled over by a New Jersey State Trooper because the car was traveling at seventy miles per hour in a fifty-five mile per hour zone. The trooper, Mark Cushing, testified that as appellant was pulling over, he "duck[ed] out of sight several times." Fearing that appellant had a weapon, Trooper Cushing approached the car and asked appellant to get out. He did not find a weapon on appellant, but noticed that appellant had glassy eyes and behaved nervously and evasively. Looking into the car, Trooper Cushing observed a black Christian Brothers brandy can on the floor of the car in front of the driver's seat. Appellant denied that he had been drinking and both appellant and Colston denied knowledge of the container. Trooper Cushing then removed the container from the car and opened it, revealing twelve ounces of cocaine. Appellant was then arrested.
 
 
 2
 Appellant moved to suppress the cocaine. At the suppression hearing, he denied any knowledge of, or interest in, the canister. The district court denied the motion to suppress, and appellant was convicted of conspiracy to distribute cocaine, see 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846, and travel in interstate commerce to promote an illegal drug business, see 18 U.S.C. § 1952(a)(3).
 
 
 3
 Appellant first argues that the district court erred by not suppressing the cocaine found in the Christian Brothers canister. We find no error in the admission of the cocaine. Trooper Cushing clearly had probable cause to stop appellant's car and ask him to step out of it. See Pennsylvania v. Mimms, 434 U.S. 106 (1977). Once the car was stopped, the canister was in plain view. Appellant lacks standing to contest the search of its contents, for he had no expectation of privacy in the contents of the canister because he denied knowledge or ownership of it. See Rawlings v. Kentucky, 448 U.S. 98, 104-06 (1980). In any event, given Trooper Cushing's reasonable belief that appellant had been using alcohol or drugs, the search of the container for evidence of criminal wrongdoing was entirely proper.
 
 
 4
 Appellant next argues that the evidence was insufficient to convict him of conspiracy to distribute cocaine. We have reviewed the record and counsel's brief, and we conclude that the government presented sufficient evidence to convict appellant.
 
 
 5
 Finally, appellant argues that the district court erred in failing to give him credit for time spent in state custody prior to sentencing pursuant to 18 U.S.C. § 3585. Under United States v. Wilson, 112 S. Ct. 1351 (1992), a district court is not authorized to award credit at sentencing; instead, a claim for credit for time served in official detention before sentencing must be presented to the Attorney General after the defendant has begun to serve his sentence. Id. at 1353-56. The district court's refusal to grant him credit was proper.
 
 
 6
 For the foregoing reasons, the judgment of the district court is
 
 
 7
 AFFIRMED.